J. George Follett, J.
This is a proceeding to establish paternity and require support brought by a welfare official pursuant to section 571 of the Family Court Act. Attached to the petition is an assignment of support rights made by the mother of the child.
At the initial hearing both the mother and the respondent were advised of their right to be represented by counsel. The mother stated she wanted a lawyer but that she had no funds with which to hire a lawyer since both she and the child are recipients of public assistance.
Subdivision 2 of section 571 of the Family Court Act was added in 1975 to implement title IV-D of the Federal Social Security Act. Subdivision 2 of section 571 provides in part as follows: "The court shall determine, in accordance with applicable provisions of law, whether such person is a necessary party to the proceeding and whether independent counsel need be appointed to represent any party to the assignment or any other person having an interest in the support right.”
It is clear that the mother, who gave the assignment, is a necessary party to the proceeding. The paternity of her child as well as her future rights to support will be determined in the proceeding.
The issue to be decided is whether or not a lawyer should be appointed to represent this young woman free of charge. An *132 initial reading of the above provision seems to indicate that once a determination is made that the mother is a necessary party then her right to independent counsel appointed by the court becomes established under the statute. However, closer examination reveals that the sentence is conjunctive. The term, "in accordance with applicable provisions of law” (Family Ct Act, § 571, subd 2), applies to both the determination of status as a party as well as to the determination of right to appointed counsel.
There is no "applicable provision of law” for the designation of a free lawyer to a petitioner in a paternity or support proceeding. Nor are there any cases that have come to the attention of this court which hold that "assignment of counsel is mandated by the constitution of the State of New York or of the United States” for a petitioner in a paternity or support proceeding. (Family Ct Act, § 262, subd [b].) Nor does article 18-b of the County Law provide this young woman with any assistance.
It would seem that if the Legislature intended to provide free counsel to indigents in paternity or support cases, then it would have made co-ordinate amendments to section 262 of the Family Court Act and article 18-b of the County Law.
It might be argued that this interpretation makes the language of the statute authorizing the appointment of counsel meaningless. This is not so. Issues of custody and visitation may be raised incidental to a paternity or support proceeding in which "applicable provisions of law” do authorize the appointment of counsel for indigents. However, such issues have not been raised in this case. For these reasons the application for a court-appointed lawyer must be denied.